IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONWIDE ADVANTAGE MORTGAGE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 14-CV-1270-SMY-RJD |
| vs. | ) ) |
| MIDCOUNTRY BANK, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff NAMC's Petition for Attorney's fees and costs (Doc. 55) to which Defendant MidCountry filed a Response in Opposition (Doc. 56). The Court held a hearing on the petition on February 8, 2017.[1] For the following reasons and those noted on the record, NAMC's petition is **GRANTED**.

The underlying action involved a Correspondent Lender Purchase Agreement ("CLPA") entered into between NAMC and MidCountry. NAMC alleged that MidCountry breach the CLPA by failing to indemnify NAMC for losses they suffered stemming from an over-valued mortgage loan. This Court granted summary judgment on NAMC's behalf and found that pursuant to the terms of the CLPA, NAMC is entitled to recover reasonable attorney's fees and costs (Doc. 53). The CLPA further provides that it is "governed by the laws of the State of Iowa, determined without reference to its conflict of law provisions." Iowa law will therefore be applied to the Court's assessment of reasonable attorney's fees and costs.

NAMC provided an affidavit and exhibit setting forth the attorney's fees and costs incurred during this litigation (Doc. 55-1). Specifically, NAMC claims that it has incurred

---

[1] Plaintiff's motion to supplement it's petition instanter (Doc. 59) was granted orally during the hearing on February 8, 2017 without objection.

attorney's fees in the amount of $62,509.00 and costs in the amount of $5,170.74.  MidCountry contends that NAMC is not entitled to any attorney's fees or costs because enforcement of the agreement is barred by the statute of limitations.  The Court rejected MidCountry's statute of limitations defense in its Order granting summary judgment and again does so here.

MidCountry further contends that NAMC's fees and not reasonable because NAMC is seeking fees "associated with its failed motion for leave to file a reply and seeks to double-recover for time spent on summary judgment."  Specifically, MidCountry argues that, because the issues raised in its motion for summary judgment were also present in NAMC's motion, they should not recover for "both categories of time."  MidCountry further argues the case was not complex and requests that the Court reduce the fees sought by NAMC by 20% ($25,179.74).  In support of its contentions, MidCountry asserts that "Eighth Circuit courts must consider twelve factors in determining the appropriateness of a fee request[.]"  MidCountry further cites "binding Eighth Circuit law."

This Court is not bound by Eighth Circuit precedent and the Eighth Circuit cases cited by MidCountry do not apply Iowa law.  Under Iowa state law, attorney's fees and costs are recoverable when the parties agree to such.  Hart v. Cusick, 820 N.W.2d 159 (Iowa Ct. App. 2012).  "When judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and tax as part of the costs a reasonable attorney fee to be determined by the court."  Id. (citing Iowa Code 625.22).  The assessment of reasonable attorney's fees is within the court's discretion and a court "abuses its discretion by resting its ruling on grounds that are clearly unreasonable or untenable."  Linser v. Cross, 860 N.W.2d 924 (Iowa Ct. App. 2014).

Here, the Court does not find it unreasonable for NAMC to bill its client to respond to MidCountry's motion for summary judgment and also charge for its cross motion for summary

judgment, even though there was an overlap in the arguments. Further, MidCountry's request for the attorney's fees to be reduced by 20% is arbitrary and without any factual support.

Based on the documentation submitted and arguments presented, the Court finds the requested fees and costs reasonable and appropriate. Accordingly, Plaintiff's petition is **GRANTED** and NAMC is awarded attorney's fees in the amount of $62,509.00 and $5,170.74 in costs. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: March 20, 2017**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**